# UNITIED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DUNE ENERGY, INC.** | * | **CIVIL ACTION NO.: 11-3166** |
| | * | |
| **VERSUS** | * | **SECTION: "L"** |
| | * | |
| **FROGCO AMPHIBIOUS EQUIPMENT, LLC** | * * * | **JUDGE: ELDON E. FALLON** |
| | * | **MAGISTRATE: (4)** |
| | * | **KAREN WELLS ROBY** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING LIMITS OF LIABILITY UNDER THE OIL POLLUTION ACT

MAY IT PLEASE THE COURT:

Frogco Amphibious Equipment, LLC, respectfully submits this Reply Memorandum in Support of its Motion For Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, to limit Frogco's potential liability pursuant to The Oil Pollution Act of 1990, § 2704, to respond to the Opposition Memorandum filed by Dune Energy and St. Paul Surplus Line Insurance Company.

**1. Dune Energy/St Paul Have NOT Submitted ANY Evidence In Opposition to Motion**

Dune/St Paul has made a number of allegations in their Opposition Memorandum. However, Dune/St. Paul has not submitted one piece of evidence to support any allegation which they have asserted. Dune/St Paul, as the nonmovant, must produce specific facts to demonstrate

that a genuine issue exists for trial.[1] The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence ." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys,* 298 F.3d 434, 440 (5th Cir.2002). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions or other evidence to establish a genuine issue.[2] The mere existence of a scintilla of evidence in support of the non-movant's position is insufficient to defeat a properly supported Motion for Summary Judgment.[3] Accordingly, conclusory allegations of the pleadings are insufficient to avoid summary judgment.[4]

Dune/St. Paul has not raised any material issue of fact because they have failed to produce any affidavits, depositions, interrogatory responses, admissions or other evidence to establish a genuine issue. Therefore, Frogco's motion must be granted.

**2. Frogco Is Entitled To Limited Liability Under the OPA**

Dune/St Paul complain that Frogco's limited liability under section 2704 of the OPA, is defined by Dune's classification as a owner or operator of a pipeline. Dune/St Paul suggests to this Honorable Court that the OPA limited liability look to where the oil discharge came from as opposed to the vessel which allegedly caused the oil discharge. However, Dune/St Paul have not cited to one case to support this assertion.

---

[1] *See Bellard v. Gautreaux*, 2012 WL 851630, 3 (5th Cir. 2012).
[2] *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 264 -265 (5th Cir.2002).
[3] *Schaefer v. Gulf Coast Regional Blood Center,* 10 F.3d 327, 330 (5th Cir. 1994).
[4] *See Bellard,* 2012 WL 851630 at *3.

The OPA limits a specific party's liability based on the specific party's classification under the act not based on the classification of the party that released the oil. *National Shipping Company of Saudi Arabia v. Moran Mid-Atlantic Corp.,* 924 F. Sup. 1436 (E.D. Virginia 1996). In *National Shipping Company,* the United States Coast Guard classified the plaintiff as the "responsible party" under the OPA as the owner of a vessel which released oil after the defendant's vessel collided with it. The plaintiff's vessel weighed 25,036 gross tons and therefore its liability limitation under the OPA section 2702 for the spill was $15,021,600. The plaintiff incurred at least $868,356.80 in regards to the cleanup of oil which was discharged from its vessel. The plaintiff also paid a total of $106,806.12 to third party claimants and $174,637.70 in adjusting services as a result of the oil discharge. The plaintiff filed suit against the defendant seeking contribution pursuant to the OPA. The court found that the liability of the Defendant that causes an oil spill is subject to the liability limits established in section 2702. In the *National Union* case, when discussing the Defendant's liability limits, the court did not look at the plaintiff's type of vessel or facility that discharged the oil, the court limited the liability of the Defendant based on the type and size of the vessel which caused the leak. In *National Union* the defendant's liability for a spill caused by the defendant, a non-tank vessel, which weighed 252 gross tons was limited to $500,000. This is exactly the analysis which applies to the subject case. Under Dune/St. Paul's position, they argue that the defendant in *National Union* case would have been responsible for up $15,021,600, the liability limit of the plaintiff.

As outlined by the court in *National Union*, the total of the liability of an alleged third party that caused the oil discharge under section 2702 of the OPA shall not exceed the liability limits of the classification of the third party. As outlined in the original Memorandum in Support

3

of this motion, Frogco's liability limit is $800,000.  *National Shipping Company of Saudi Arabia v. Moran Mid-Atlantic Corp.,* 924 F. Sup. 1436 (E.D. Virginia 1996)—citing 33 USCA § 2702(d)(2).

3. **Frogco Marsh Buggy Excavator IS "Vessel" Under OPA**:

Dune/St. Paul has alleged that under the Jones Act and general maritime law marsh buggies have been considered "sometimes vessel" and therefore are not "vessels" under the OPA.  Furthermore, Dune/St. Paul allege without any evidentiary support that the Frogco Marsh Buggies move on treads, have no propulsion systems, no rudder no bow, no captain or crew, are incapable of travel on a navigable water body, would sink like stones if they attempted to travel on a navigable water body.  Dune/St. Paul has not provided one piece of evidence to support these allegations.

Federal Rule of Civil Procedure 56 states the following:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must-by affidavits or as otherwise provided in this rule-set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

As indicated above, "conclusory allegations," "unsubstantiated assertions," are not sufficient to raise an issue of material fact. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted).

Dune/St. Paul has cited *Strother v. Bren Lynn Corp*, 671 F.Supp. 1118 (W.D. La), *Percle v. Western Geophysical Co.*, 528 F. Supp. 227 (E.D. La. 1981), *Melancon v. Tassin Amphibious Equipment*, 469 So.2d 6 (La. App. 4th Cir) in support of their assertion that the marsh buggies are

"sometime vessels". However, all of the cases cited by Dune/St. Paul DO NOT apply the definition of "vessel" as defined in the OPA. The cases cited by Dune/St Paul uses the court's description of a vessel for the purposes of the Jones Act. To determine whether a particular watercraft or other structure constitutes a vessel for purposes of the Jones Act requires the court to examine (1) the purpose for which it is constructed and (2) the business in which it is engaged. However, the OPA applies a different definition or description of a vessel.

Dune/St Paul has failed to even recognize that the OPA defines "Vessel" as "every description of <u>watercraft or other artificial contrivance</u> used, or capable of being used, <u>as a means of transportation on water</u>, other than a public vessel. 33 USCA § 2701(37). Dune/St Paul has not and cannot supply any evidence which disputes the affidavit of Garrett Naquin in which he confirms that the marsh buggies are constructed, designed, used and capable of being a means of transportation on water. Exhibit "A".

The United States Supreme Court in *Lozman v. City of Riviera Beach Florida,* 133 S.Ct. 735 (S.C. January 15, 2013) addressed the definition of a "vessel" as defined in 1 U.S.C. § 3 which is the same definition as "vessel" in the OPA. The Supreme Court looked primarily upon the phrase "capable of being used." This term encompasses "practical" possibilities, not "merely ... theoretical" ones. The Supreme Court cited its decision in *Stewart v. Dutra Constr. Co.,* 543 U.S. 481, 496, 125 S.Ct. 1118, 160 L.Ed.2d 932 (2005) when they found that a dredge barge was a "vessel". The Supreme Court in *Lozman* also recognized that "[T]ransportation" involves the "conveyance (of things or persons) from one place to another." 18 Oxford English Dictionary 424 (2d ed. 1989) (OED). Accord, N. Webster, An American Dictionary of the English Language 1406 (C. Goodrich & N. Porter eds. 1873) ("[t]he act of transporting, carrying, or

conveying from one place to another"). And we must apply this definition in a "practical," not a "theoretical," way. *Stewart, supra,* at 496, 125 S.Ct. 1118.

As the Supreme Court held in Lozman, Mr. Naquin's affidavit confirms with no opposition that the Frogco marsh buggies being used at Dune Energy's dredge operation cite were constructed, designed, used and capable of being a means of transportation on water. Exhibit "A". Therefore, the Frogco marsh buggies meet the OPA definition of "vessel" and Frogco is entitled to the liability limits allowed under the OPA.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY ( ) MAILING ( ) FAXING THE SAME TO EACH, PROPERLY ADDRESSED AND

ON THIS ___15____ DAY OF _ April_____, 2013.

____ s/Brant J. Cacamo _____

__ s/Brant J. Cacamo _____
SIDNEY J. ANGELLE, #1002 (TA)
BRANT J. CACAMO, #26227
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA 70130
(504) 586-9292 FAX (504) 586-1290